**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EMERZON ANIBAL SANCHEZ LOPEZ,

      Petitioner,

v.

                                       Case No. 1:26-CV-1915-MIS-SCY

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United States;
MARKWAYNE MULLIN, in his official
capacity as Secretary of the U.S. Department
of Homeland Security; DAVID
VENTURELLA, in his official capacity as
Acting Director of the U.S. Immigration and
Customs Enforcement; and WARDEN of the
Cibola County Correctional Facility,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Emerzon Anibal Sanchez Lopez's pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed June 12, 2026. The Federal Respondents, Todd Blanche, Markwayne Mullin, and David Venturella, filed a Response June 29, 2026 ("Response"). ECF No. 8. Petitioner did not file a Reply as of July 7, 2026. Upon Review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I.    Background

Petitioner is a citizen of Guatemala who entered the U.S. on an unknown date but has had long-standing ties to the U.S. since at least 2005 and is the father of two minor U.S. citizen daughters, one of whom suffers from Neurofibromatosis Type 1 and receives ongoing medical treatment. Pet. at 7; Resp. at 2.

On August 12, 2025, Petitioner was taken into immigration custody in Florida then detained at the El Paso East Montana Facility for approximately six months. Pet. at 5-7; Resp. at 2. Around approximately February 14, 2026, Petitioner was transferred to Cibola County Correctional Center where he has been detained ever since. Pet. at 7.

Throughout his continued detention, Immigration and Customs Enforcement officials have pursued removal proceedings against Petitioner. Resp. at 2. On March 3, 2026, Petitioner received a bond hearing before an immigration judge at which Petitioner's request for release was denied. Resp. at 2; ECF No. 7-1. Prior to this denial, Petitioner had previously requested a custody review from immigration officials on September 5, 2025, and December 18, 2025. Pet. at 11. On both occasions Petitioner's request was denied on jurisdictional grounds. Id.  On April 17, 2026, Petitioner received a removal order from an immigration judge, Id. at 5. On May 4, 2026, Petitioner filed an appeal of that order before the Board of Immigration Appeals. Id. at 6. That appeal remains pending. Id.

On June 12, 2026, Petitioner filed the instant Petition seeking immediate release, or alternatively an individualized custody hearing. ECF No. 1 at 8. Federal Respondents filed a Response to the Petition on June 29, 2026, ECF No. 8.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-

88, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

III.    Discussion

Because Petitioner focuses on the length of his detention and argues it is excessive considering his specific factual circumstances, the Court construes it as a substantive due process claim. Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a), and that his prolonged detention without release violates his due process rights under the Fifth Amendment to the United States Constitution. Moreover, Petitioner argues that his continued detention has become excessive and unjustified as he has no criminal record, been present in the U.S. since 2005, and has two minor U.S. citizen daughters residing in the U.S., one of whom requires ongoing medical monitoring and family support due to her neurofibromatosis diagnosis. Id. at 7. Further, Petitioner argues that he has been in the custody of immigration officials for nearly a year and on three occasions has seen his request for an individualized custody review rejected on jurisdictional grounds. Id. at 11-12. As such, Petitioner asks the Court to order him immediately released from immigration custody or, alternatively, order he receive an individualized custody hearing.

Respondents agree that § 1226(a) governs Petitioner's detention, but dispute that he has not received an individualized custody hearing where his request for relief was rejected on substantive grounds. More specifically, Respondents argue that the Petition should be denied because Petitioner received a bond hearing before an immigration judge on March 3, 2026, during which the immigration judge denied Petitioner's request for a change in custody status stating Petitioner

had "not met his burden to show that he is not a danger to the community and that he is not a flight risk." Resp. at 2; ECF No. 7-1. As such, Respondents argue the Court lacks jurisdiction to review the Immigration Judge's denial of bond pursuant to 8 U.S.C. § 1226(e) and the Petition should be denied. Id. Additionally, Respondents argue that Petitioner has no constitutional right to be released during the pendency of his immigration proceedings and cites a decision out of the Third Circuit[1] to support the proposition that the duration of Petitioner's detention alone is not sufficient to sustain a due process challenge when he has been afforded a bond hearing. Resp. at 3.

Initially, the Court will assume, arguendo, that for the reasons explained in Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026), Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides that the Attorney General may exercise his discretion to either detain or release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2); see also Mwangi v. Terry, 465 F. App'x 784, 786 (10th Cir. 2012).

Here, on March 3, 2026, an Immigration Judge held a bond hearing and denied Petitioner release on the ground that "Respondent has not met his burden to show that he is not a danger to the community and that he is not a flight risk." ECF No. 7-1 at 1. The Due Process Clause is satisfied when a noncitizen detained under 8 U.S.C. § 1226(a) received an adequate bond hearing. Nayi v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01469-MIS-GJF, 2026 WL 1430871, at *2 (D.N.M. May 21, 2026); Jiminez Lopez v. Warden, Case No. 1:26-cv-01259-MIS-LF, 2026 WL

---

[1] The Court notes that Respondents incorrectly refer to Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274 (3d Cir. 2018), as a Ninth Circuit decision in their briefing. Although the Ninth Circuit has cited Borbot, the circuit has also not foreclosed all as-applied challenges to § 1226(a) procedures, nor have they adopted the view that detention under § 1226(a) cannot become unreasonably prolonged. See e.g., Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022).

Further, the Court also notes in Brobot itself the Third Circuit recognized that a detention can become unreasonably prolonged by government delay or some other cause despite the occurrence of an initial bond hearing, and declined to reach the issue of when, if ever, the Due Process Clause might entitle a § 1226(a) detainee to a new bond hearing. Id. at 280.

1215047, at *3 (D.N.M. May 4, 2026); Chacin Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Palacios Rodriguez v. Mullin, Case No. 2:26-cv-01179-MIS-KK, 2026 WL 1164820, at *2 (D.N.M. Apr. 29, 2026); see also Barry v. Lyons, Case No. 1:26-cv-00504-KWR-KRS, 2026 WL 926218, at *7 (D.N.M. Apr. 6, 2026) ("[T]he Court finds that a bond hearing pursuant to § 1226(a) provides Petitioner with the process he is due."); Montero Cordova v. Noem, Case No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *6 (D.N.M. Mar. 30, 2026) ("The Court finds that due process affords Petitioner a bond hearing under § 1226(a), and the hearing need not occur prior to his re-detention.").

Petitioner notes that he has no criminal record, has been tied to the U.S. since 2005, has a minor U.S. citizen daughter who suffers from Neurofibromatosis, and been detained for nearly a year, thus his continued detention is excessive, unjustified, and contrary to the best interests of his U.S. citizen children. Pet. at 7. However, he does not dispute that he was provided a bond hearing, nor does he explicitly argue that that the bond hearing he was provided was inadequate. For example, Petitioner does not argue that he was deprived of the opportunity to present evidence that he is not a flight risk. Kumar v. De Anda-Ybarra, Case No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (finding that the petitioner's argument regarding the adequacy of the bond hearing was "too underdeveloped to warrant habeas relief" because, for example, the petitioner "does not indicate that he was denied the opportunity to present evidence at the bond hearing").

Thus, the Court discerns no other basis to find that the March 3, 2026, bond hearing was inadequate, and therefore can not grant Petitioner habeas relief on the grounds that he did not receive a adequate bond hearing in violation of his rights under the INA or Due Process Clause.

However, after careful consideration, the Court further finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons

identified in <u>Mardanpour v. Warden</u>, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), and in <u>Deborne v. Warden, Cibola Cnty. Corr. Ctr.</u>, No. 1:26-CV-01657-MIS-KRS, 2026 WL 1694566 (D.N.M. June 11, 2026). The Court finds the <u>Mardanpour</u> analysis applies to individuals detained under Section 1226(a). <u>See</u> <u>Dong v. Mullin</u>, 26-cv-1818-MIS-LF, ECF No. 13 at 3-4 (July 7, 2026).

Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, <u>Rodriguez-Fernandez v. Wilkinson</u>, 654 F.2d 1382, 1387 (10th Cir. 1981). Under the circumstances of this case, Petitioner's indefinite, ongoing detention of nearly a year with no reasonably foreseeable end in sight, is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal. Therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, <u>id.</u>; see also <u>Zadvydas v. Davis</u>, 533 U.S. 678, 699-701 (2001); <u>Rosales-Garcia v. Holland</u>, 322 F.3d 386, 411-13 (6th Cir. 2003); <u>Mardanpour</u>, 2026 WL 963164, at *3-8; <u>Rasoli v. Mullin</u>, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); <u>Marquez v. Warden</u>, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); <u>Ahmadi v. De Anda-Ybarra</u>, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); <u>Harutyunyan v. Lyons</u>, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. <u>Munaf v. Geren</u>, 553 U.S. 674, 693 (2008); see also <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). The Court finds that

6

immediate conditional release is the appropriate remedy. See <u>Boumediene v. Bush</u>, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV.    Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1.    Petitioner Emerzon Sanchez Lopez's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner from detention;

3.    Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings; or (2) Petitioner's appeal of the April 17, 2026, Order of Removal is denied <u>AND</u> Respondents possess a valid final order of removal and concrete travel plans to remove Petitioner from the United States;

4.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE